UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE ANN LEFKOWITZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3247** |
| **GEICO ADVANTAGE INSURANCE COMPANY et al** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court are Defendant GEICO Advantage Insurance Company ("GEICO Advantage") and Connor Toes' ("Toes") Motions to Dismiss for Failure to State a Claim.[1] GEICO Advantage and Toes both argue that Plaintiff Jane Ann Lefkowitz's ("Plaintiff") claims have prescribed because they were not filed within one year of the April 19, 2019 automobile accident at issue in this case.[2] Plaintiff opposes both motions and argues that a three-year statute of limitations applies to her claims.[3] Considering the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motions.

### I. Background

This matter arises out of an automobile accident which allegedly occurred on April 19, 2019 in Orleans Parish, Louisiana.[4] Plaintiff alleges that she was injured when the vehicle she was

---

[1] Rec. Docs. 24, 29.

[2] *Id.*

[3] Rec. Docs. 34, 35.

[4] Rec. Doc. 1 at 1–2.

1

driving was struck by a vehicle being driven by Toes and owned by Scott Westwood.[5] GEICO Advantage issued a liability policy for the vehicle driven by Toes.[6] GEICO Indemnity Insurance Company ("GEICO Indemnity" or "UM carrier") provided uninsured/underinsured motorist coverage for Plaintiff's vehicle.[7]

On December 1, 2020, Plaintiff filed suit against Toes, GEICO Advantage and GEICO Indemnity in this Court.[8] Plaintiff asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332.[9] Plaintiff alleged that she is a citizen on Louisiana, Toes is a citizen of New York, Geico Advantage is a citizen of Nebraska and Maryland, and GEICO Indemnity is a citizen of Maryland.[10] Plaintiff also alleged that the amount in controversy exceeds $75,000.[11]

On June 2, 2021, GEICO Advantage filed a motion to dismiss.[12] On June 9, 2021, Toes filed a motion to dismiss.[13] On June 22, 2021, Plaintiff opposed both motions.[14] On June 29, 2021, GEICO Advantage and Toes filed a reply brief in further support of the motions.[15]

---

[5] *Id.*

[6] *Id.* at 2.

[7] *Id.* at 2–3.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3.

[12] Rec. Doc. 24.

[13] Rec. Doc. 29.

[14] Rec. Docs. 34, 35.

[15] Rec. Doc. 39.

## II. Parties' Arguments

*A.      GEICO Advantage and Toes' Arguments in Support of the Motions to Dismiss[16]*

GEICO Advantage and Toes argue that Plaintiff has failed to state a claim upon which relief can be granted because her claims have prescribed.[17] GEICO Advantage and Toes assert that Plaintiffs' claims against them are subject to the one-year prescriptive period set forth in Louisiana Civil Code Article 3492.[18] GEICO Advantage and Toes contend that the prescriptive period commenced on April 19, 2019, when the accident occurred.[19] Because Plaintiff did not file suit until December 1, 2020, more than 19 months later, GEICO and Toes assert that the prescriptive period clearly had run when the suit was filed.[20]

*B.      Plaintiffs' Arguments in Opposition to the Motions to Dismiss[21]*

Plaintiff asserts that she was unable to retain counsel until November 2020, due to the serious injuries she sustained in this accident and other medical issues.[22] Nevertheless, Plaintiff argues that her claims against GEICO Advantage and Toes have not prescribed because they are subject to a three-year statute of limitations under New York law.[23] Plaintiff contends that New

---

[16] GEICO Advantage and Toes raise nearly identical arguments in support of their separately filed motions to dismiss. Accordingly, the Court summarizes the arguments together.

[17] Rec. Doc. 24-1 at 2; Rec. Doc. 29-1 at 2.

[18] Rec. Doc. 24-1 at 3; Rec. Doc. 29-1 at 3.

[19] Rec. Doc. 24-1 at 3; Rec. Doc. 29-1 at 3.

[20] Rec. Doc. 24-1 at 3; Rec. Doc. 29-1 at 3.

[21] Plaintiff raises nearly identical arguments in opposition to both motions to dismiss. Accordingly, the Court summarizes the arguments together.

[22] Rec. Doc. 34 at 4; Rec. Doc. 35 at 4.

[23] Rec. Doc. 34 at 4; Rec. Doc. 35 at 4.

York law applies because Toes is a domiciliary of New York.[24] According to Plaintiff, if the claims are dismissed in this Court she would be forced to refile in New York.[25] Plaintiff asserts that convenience and fairness militate in favor of allowing the claims to proceed in this Court.[26]

Plaintiff also claims that she put the defendants on notice of this claim prior to the prescription deadline and immediately after the April 19, 2019 accident.[27] Finally, Plaintiff notes that a two-year prescriptive period applies to her claims against the UM carrier, GEICO Indemnity.[28]

### C.  *GEICO Advantage and Toes Arguments in Further Support of the Motion*

In reply, GEICO Advantage and Toes assert that the substantive law of Louisiana applies to this action because the accident occurred in Louisiana, Plaintiff resides in Louisiana, and her medical providers and witnesses are located in Louisiana.[29] GEICO Advantage and Toes cite Louisiana Civil Code article 3549, which provides that "[w]hen the substantive law of this state would be applicable to the merits of an action brought in this state, the prescriptive and peremption law of this state law applies."[30] Therefore, GEICO Advantage and Toes argue that the one-year statute of limitations set forth under Louisiana law applies to this action.[31]

GEICO Advantage and Toes assert that Plaintiff's argument that she put the defendants on

---

[24] Rec. Doc. 34 at 4; Rec. Doc. 35 at 4.

[25] Rec. Doc. 34 at 6; Rec. Doc. 35 at 6.

[26] Rec. Doc. 34 at 7–8; Rec. Doc. 35 at 7–8.

[27] Rec. Doc. 34 at 3; Rec. Doc. 35 at 3.

[28] Rec. Doc. 34 at 7–8; Rec. Doc. 35 at 7–8.

[29] Rec. Doc. 39 at 1–2.

[30] *Id.* at 1.

[31] *Id.* at 2.

notice of the claim prior to filing suit is of no moment because it does not affect the running of the prescriptive period.[32] GEICO Advantage and Toes concede that the UM carrier, GEICO Indemnity, is subject to a two-year prescriptive period.[33] Nevertheless, GEICO Advantage and Toes assert that a timely filed suit against the UM carrier does not interrupt prescription against the alleged tortfeasor and his insurance carrier.[34] Finally, even assuming this case were filed in New York, GEICO Advantage and Toes assert that the claims would still be prescribed because New York law requires that a claim brought by a non-resident on a cause of action accruing outside the state be timely filed under the law of both New York and the jurisdiction where the cause of action accrued.[35]

### III. Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[36] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[37] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[38]

The "[f]actual allegations must be enough to raise a right to relief above the speculative

---

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.* at 2–3.

[36] Fed. R. Civ. P. 12(b)(6).

[37] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

level."[39] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[40] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[41]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[42] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[43] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[44] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[45]

## IV. Analysis

The facts at issue in this motion are undisputed. The car accident at issue in this litigation occurred on April 19, 2019. Under Louisiana Civil Code article 3492, Plaintiff was required to file suit against GEICO Advantage and Toes within a year of the accident.[46] Plaintiff did not commence this litigation until December 1, 2020, more than 19 months later.

---

[39] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[40] *Iqbal*, 556 U.S. at 678.

[41] *Id.*

[42] *Id.* at 677–78.

[43] *Id.* at 679.

[44] *Id.* at 678.

[45] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[46] La. Civ. Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.").

Nevertheless, Plaintiff argues that the claims against GEICO Advantage and Toes did not prescribe because they are subject to a three-year statute of limitations under New York law. Plaintiff argues that the three-year statute of limitations should apply because Toes is a domiciliary of New York. Plaintiff does not cite any authority to support this argument.

In diversity cases, federal courts are bound by the conflict-of-law rules of the state in which they sit.[47] Accordingly, a federal district court sitting in Louisiana is bound to apply Louisiana choice-of-law rules.[48] "Federal courts apply Louisiana prescription law to diversity actions which Louisiana law governs, as 'state statutes of limitations are considered substantive for purposes of *Erie* analysis.'"[49]

In *Crase v. Astroworld, Inc.*, the Fifth Circuit considered whether to apply Louisiana's one-year statute of limitations or Texas' two-year statute of limitations to a tort case filed in the Eastern District of Louisiana by a plaintiff who allegedly injured himself at the Astroworld amusement park in Houston, Texas.[50] The Fifth Circuit affirmed the district court's dismissal of the case on the ground that Louisiana's one-year prescriptive period applied.[51] The Fifth Circuit explained as follows:

> Crase argues that the Louisiana choice-of-law rules (which, under the *Erie* doctrine the district court is bound to apply), dictate that the law of the state with the greater interest in the case should apply. Thus, he argues, because the alleged injury and alleged negligence occurred in Texas, and because the defendants are principally domiciled in Texas, and the only connection that Louisiana has with the action is that Crase resides in Louisiana, Texas has a greater interest in the case and therefore

---

[47] *Kozan v. Comstock*, 270 F.2d 839, 841 (5th Cir. 1959).

[48] *Crase v. Astroworld, Inc.*, 941 F.2d 265, 266 (5th Cir. 1991).

[49] *Franco v. Mabe Trucking Co.*, 3 F.4th 788, 791 (5th Cir. 2021) (quoting *Vincent v. A.C. & S., Inc.*, 833 F.2d 553, 555 (5th Cir. 1987)).

[50] *Crase*, 941 F.2d at 266.

[51] *Id.*

> Texas law should apply.
>
> This court has stated, however, that the "interest analysis" principles "were not intended to apply to questions of prescription or statute of limitations." Louisiana courts customarily apply the law of the forum to the issue of limitations; therefore, we find that Louisiana's one-year law of prescription applies in this case. Even the court in *Santos* recognized that, because "Louisiana choice of law views statutes of limitations as a procedural rule," distinct from substantive rules which are selected according to the interest analysis principles, "a Federal District Court in Louisiana must apply Louisiana's prescriptive periods in a diversity action." We hold, therefore, that because the suit was not instituted within one year after the cause of action arose, the Louisiana law of prescription bars Crase from maintaining this action.[52]

Additionally, Louisiana Civil Code article 3549(A) provides that "[w]hen the substantive law of this state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies."

Here, Plaintiff does not dispute that Louisiana substantive law applies to the merits of this action, which occurred in Louisiana and allegedly injured Plaintiff who is a citizen of Louisiana.[53] The only connection that New York has to this case is that the alleged tortfeasor, Connor Toes, is a citizen of New York. Nevertheless, Toes was in Louisiana when this accident occurred, and he

---

[52] *Id.* at 266–67 (internal citations omitted).

[53] Louisiana Civil Code article 3542 provides:

Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

Here, these factors clearly weigh in favor of applying Louisiana substantive law. The alleged accident occurred in Louisiana and Plaintiff is a citizen of Louisiana. The only connection New York has to the case is that the alleged tortfeasor, Connor Toes, is a citizen of New York. Nevertheless, Toes was in Louisiana when this accident occurred.

allegedly injured a citizen of Louisiana. Accordingly, the one-year limitation period set forth in Article 3492 applies to Plaintiff's claims against GEICO Advantage and Toes.

Plaintiff correctly notes that her claim against her UM insurer, GEICO Indemnity, were timely filed. Louisiana Revised Statute § 9:5629 provides that "[a]ctions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained." However, a timely filed suit against the UM carrier does not interrupt prescription as to the alleged tortfeasor or the tortfeasor's liability carrier.[54] Although Plaintiff's claims against GEICO Indemnity were timely filed within two years of the April 19, 2019 accident, the claims against GEICO Advantage and Toes are subject to the one-year prescriptive period set forth in Article 3492.

The Fifth Circuit has instructed that a Rule 12(b)(6) motion to dismiss on the basis of prescription should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."[55] Here, Plaintiff alleges that the motor-vehicle accident occurred on April 19, 2019. The complaint was filed on December 1, 2020. For the reasons discussed above, Plaintiff's claims against GEICO Advantage and Toes are subject to the one-year prescriptive period set forth in Article 3492. Because it appears beyond dispute that Plaintiff's claims against GEICO Advantage and Toes prescribed and there are no facts Plaintiff could prove in support of her claim that would entitle her to relief, the Court grants the motions to dismiss. Accordingly,

---

[54] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis*, 706 F.2d 638, 640 (5th Cir. 1983).

[55] *Johnson v. Foremost Ins. Co.*, 18-406 (La. App. 5 Cir. 8/15/18); 2018 WL 3910685, *writ denied*, 2018-1642 (La. 12/17/18); 259 So. 3d 338.

**IT IS HEREBY ORDERED** that Defendant GEICO Advantage Insurance Company and Connor Toes' Motions to Dismiss for Failure to State a Claim[56] are **GRANTED**. Plaintiff Jane Ann Lefkowitz's claims against Defendants GEICO Advantage Insurance Company and Connor Toes are **DISMISSED WITH PREJUDICE** as they were not timely filed.

**NEW ORLEANS, LOUISIANA**, this 2nd day of February, 2022.

                                                 _____
                                                 **NANNETTE JOLIVETTE BROWN**
                                                 **CHIEF JUDGE**
                                                 **UNITED STATES DISTRICT COURT**

---

[56] Rec. Docs. 24, 29.