## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JANE ANN LEFKOWITZ**                                        **CIVIL ACTION**

**VERSUS**                                                   **NO. 20-3247**

**GEICO ADVANTAGE INSURANCE**                                **SECTION: "G"**
**COMPANY et al.**

## ORDER AND REASONS

Before the Court is Defendant GEICO Indemnity Co.'s Motion for Summary Judgment.[1]
Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed
submission date. Plaintiff Jane Ann Lefkowitz's ("Plaintiff") has not filed an opposition to the
motion, and therefore the motion for summary judgment is deemed to be unopposed. This Court
has authority to grant a motion as unopposed, although it not required to do so.[2] Considering the
motion, the memorandum in support, the record, and the applicable law, the Court grants the
motion.

## I. Background

This matter arises out of an automobile accident which allegedly occurred on April 19,
2019 in Orleans Parish, Louisiana.[3] Plaintiff alleges that she was injured when the vehicle she was
driving was struck by a vehicle being driven by Defendant Connor Toes and owned by non-party

---

[1] Rec. Doc. 54.

[2] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir. 1993).

[3] Rec. Doc. 1 at 1–2.

Scott Westwood.[4] Defendant GEICO Advantage Insurance Co. ("GEICO Advantage") issued a liability policy for the vehicle driven by Toes.[5] GEICO Indemnity Co. ("GEICO Indemnity") provided uninsured/underinsured motorist ("UM") coverage for Plaintiff's vehicle.[6]

On December 1, 2020, Plaintiff filed suit against Toes, GEICO Advantage and GEICO Indemnity in this Court.[7] Plaintiff asserted state law negligence claims against Toes and GEICO Advantage, and UM claims against GEICO Indemnity.[8]

On February 3, 2022, this Court granted Defendants GEICO Advantage and Toes' Motions to Dismiss, finding that Plaintiff's claims against them had prescribed.[9] GEICO Indemnity now moves the Court to grant summary judgment in its favor, dismissing Plaintiff's remaining claims.[10] To date, Plaintiff has not filed an opposition, therefore the instant motion is deemed unopposed.

## II. GEICO Indemnity's Arguments in Support of the Motion for Summary Judgment

GEICO Indemnity argues that it is entitled to summary judgment because Plaintiff "has not come forward with any evidence to meet the first element of a UM cause of action: proof of UM status."[11] GEICO Indemnity asserts that, to establish a UM claim, a plaintiff must prove "she was injured by another at-fault party *and* that the tortfeasor's automobile liability insurance is

---

[4] *Id.*

[5] *Id.* at 2.

[6] *Id.* at 2–3.

[7] *Id.*

[8] *Id.* at 8–9.

[9] Rec. Doc. 55.

[10] Rec. Doc. 54.

[11] Rec. Doc. 54-1 at 1.

insufficient to compensate the plaintiff for the damages."[12] GEICO Indemnity asserts that Toes was insured with a $500,000 liability policy limit at the time of the accident.[13] GEICO Indemnity contends that this policy limit "is more than sufficient" to cover any alleged damages by Plaintiff, and that Plaintiff "has no evidence to the contrary."[14] GEICO Indemnity asserts that Plaintiff cannot and has not satisfied her burden to show that Toes was uninsured or underinsured.[15] GEICO Indemnity points to a liability policy covering the vehicle Toes was driving which was in effect on the date of the accident with a policy limit of $500,000.[16] GEICO Indemnity avers that, "[t]o date, [P]laintiff has not produced a single medical record evidencing any medical treatment related to the subject accident."[17] Therefore, GEICO Indemnity submits that Plaintiff's UM claim fails as a matter of law because there is no evidence that her injuries could not be covered by that policy.[18]

### III. Legal Standard on a Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or

---

[12] *Id.* (citing *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-0107 (La. 10/21/03); 857 So. 2d 1012) (emphasis in original).

[13] *Id.*

[14] *Id.* at 1–2.

[15] *Id.* at 4.

[16] *Id.* (citing Rec. Doc. 54-4).

[17] *Id.*

[18] *Id.*

[19] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

weighing the evidence."[20] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[21] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[22] The nonmoving party may not rest upon the pleadings.[23] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[24]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[25] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[26] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how

---

[20] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[21] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[22] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[23] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[24] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[25] *Celotex*, 477 U.S. at 323.

[26] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

that evidence supports the nonmoving party's claims.[27] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[28]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[29] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[30]

## IV. Analysis

The relevant facts are undisputed. The car accident at issue in this litigation occurred on April 19, 2019.[31] On January 26, 2019, GEICO Advantage issued an automobile liability policy to Scott Westwood for the coverage period beginning February 28, 2019, to August 28, 2019, with a policy limit of $500,000, covering the vehicle involved in this accident.[32] GEICO Indemnity asserts that Plaintiff has produced no evidence or medical bills to prove her alleged damages, or to demonstrate that they exceed this policy limit.[33] Furthermore, Plaintiff has not filed an opposition. Louisiana's Insurance Code, in Revised Statutes §§ 22:658 and 22:1220, "impose[s] upon the

---

[27] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[28] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[29] *Little*, 37 F.3d at 1075 (internal citations omitted).

[30] *Morris*, 144 F.3d at 380.

[31] Rec. Doc. 1 at 5.

[32] Rec. Doc. 54-4 at 1.

[33] *See* Rec. Doc. 54-1 at 4.

claimant an obligation to produce a satisfactory proof of loss."[34] According to the Louisiana Supreme Court, this obligation requires the claimant to produce "sufficient facts . . . that (1) the owner or operator of the other vehicle involved in the accident was uninsured or under insured."[35] Here, there is no evidence in the record to demonstrate that the $500,000 policy limit is insufficient to compensate Plaintiff's damages. Accordingly, GEICO Indemnity is entitled to summary judgment dismissing Plaintiff's UM claims.

<b>V. Conclusion</b>

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant GEICO Indemnity Co.'s Motion for Summary Judgment[36] is **GRANTED**. Plaintiff Jane Ann Lefkowitz's claims against Defendant GEICO Indemnity Co. are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 16th day of May, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[34] *Reed*, 2003-0107, p. 15; 857 So. 2d at 1022.

[35] *Id.* (quoting *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985)).

[36] Rec. Doc. 54.